**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MANFORD LEE COOPER,

     Petitioner-Appellant,

v.

MICHAEL NELSON; CARLA J.
STOVALL, Attorney General for the
State of Kansas,

     Respondents-Appellees.

No. 99-3180
(D.C. No. 96-CV-3075)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **LUCERO**, and **MURPHY**, Circuit Judges. **

Petitioner Manford Lee Cooper, proceeding pro se, requests a certificate of

probable cause to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

corpus petition. [1] *See* 28 U.S.C. § 2253 (1994) (providing that an appeal may not be taken from the denial of a pre-AEDPA § 2254 habeas corpus petition unless the petitioner first obtains a certificate of probable cause). Because we determine that Mr. Cooper has not made a "substantial showing of the denial of [a] federal right," we deny Mr. Cooper's request for a certificate of probable cause and dismiss his appeal. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quotation omitted); *see also Moore v. Reynolds*, 153 F.3d 1086, 1095 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1266 (1999).

In January 1988, Mr. Cooper was convicted of first degree murder and was subsequently sentenced to three consecutive life sentences. The Kansas Supreme Court affirmed Mr. Cooper's conviction on appeal. His motion for post-conviction relief was denied by the trial court and affirmed on appeal.

In his § 2254 petition in federal court, Mr. Cooper asserted that (1) the trial court erred in denying a continuance after a co-defendant entered into a guilty plea agreement a few days before trial; (2) his appellate counsel rendered ineffective assistance; (3) he was denied a fair trial due to prosecutorial

---

[1] Mr. Cooper filed his habeas petition in February 1996, before enactment of the Antiterriorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, AEDPA's certificate of appealability provision does not apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). In order to appeal the denial of his pre-AEDPA habeas corpus petition, however, Mr. Cooper must obtain a certificate of probable cause under former 28 U.S.C. § 2253. *See Jackson v. Shanks*, 143 F.3d 1313, 1316 n.1 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998).

misconduct; (4) the jury instructions were improper; and (5) the trial court erred in failing to conduct an evidentiary hearing on his post-conviction relief motion.

In a lengthy and thorough memorandum and order, the district court considered, discussed, and disposed of each of Mr. Cooper's claims. The district court determined that Mr. Cooper made no showing of prejudice or arbitrary action in the trial court's denial of his request for a continuance. Mr. Cooper asserted that his appellate counsel was ineffective in failing to challenge the errors of his trial counsel on appeal. In disposing of this claim, the district court considered the alleged errors of trial counsel, determining that Mr. Cooper's trial counsel had "vigorously defended petitioner against the considerable, albeit circumstantial, evidence against him," Dist. Ct. Mem. and Order at 15, and that counsel's performance did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). The court determined that several of Mr. Cooper's claims of prosecutorial misconduct were procedurally barred, and he failed to show cause and prejudice for the default or fundamental miscarriage of justice if the claims were not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Finding Mr. Cooper's claim that the prosecutor made inflammatory and improper statements in closing arguments properly before the court on habeas corpus, the court considered the claim and found no basis for relief. Considering Mr. Cooper's claim that he was

-3-

denied due process by two of the trial court's jury instructions, the district court concluded that there was no showing that the alleged errors were so fundamentally unfair as to deny Mr. Cooper a fair trial. *See Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999). Finally, the court concluded that Mr. Cooper's claim of error in the trial court's denial of an evidentiary hearing on his post-conviction relief motion lacked constitutional grounds and was not appropriate for habeas corpus relief.

Following our review of Mr. Cooper's application for certificate of probable cause, opening brief, supplemental brief, and the district court's order, we conclude that Mr. Cooper has not made a substantial showing of the denial of a federal right. Therefore, Mr. Cooper's application for a certificate of probable cause is DENIED for substantially the same reasons stated by the district court in its May 21, 1999 memorandum and order. Mr. Cooper's motion to supplement his opening brief is GRANTED, and his appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-4-